UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 1:14-00063-FDW

| | |
|---|---|
| CHARLES MCCALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) ORDER |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Judgment on the Pleadings (Doc No. 9), filed August 11, 2014, and Defendant's Motion for Summary Judgment (Doc. No. 11), filed October 7, 2014. Plaintiff seeks judicial review of an unfavorable administrative decision on his application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's decision is AFFIRMED.

### I.  FACTUAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits and a Title XVI application for Supplemental Security Income on March 22, 2010, with an amended alleged onset date of May 14, 2010. (Tr. 46; 69). His claim was initially denied on March 23, 2011, (Tr. 123), and was denied upon reconsideration on June 28, 2011. (Tr. 132). At Mr. McCall's request, an Administrative Law Judge ("the ALJ"), Anne Paschall, held a hearing on July 17, 2012. (Tr. 14). On August 29, 2012, the ALJ issued a finding that Plaintiff was not disabled

within the meaning of the Social Security Act. (Tr. 11). Plaintiff timely requested review by the Appeals Council, which was denied on December 31, 2013, rendering the ALJ's August 29 decision the Commissioner's final decision in this case. (Tr. 1-5).

Plaintiff timely filed this action on March 7, 2014, (Doc. No. 1), and the parties' Motions for Judgment on the Pleadings[1] and Summary Judgment are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner in social security cases is authorized pursuant to 42 U.S.C. § 405(g), and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner applied the correct legal standard. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing 42 U.S.C. § 405(g)); Richardson v. Perales, 402 U.S. 389, 390 (1971); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)). Substantial evidence has be defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)); Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Perales, 402 U.S. at 401). In reviewing for substantial evidence, the Court may not reweigh the evidence, try the case de novo, make credibility determinations, or substitute its judgment for that of the Commissioner. See Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

---

[1] The Court coverts Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 9) to a Motion for Summary Judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. R. 12(c) ("If matters outside of the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . .").

# III.  ANALYSIS

The question before the ALJ was whether Plaintiff was "disabled" under the Social Security Act ("the Act") between May 14, 2010 and the date of the ALJ's decision.[2] Plaintiff has the burden of proving he was disabled within the meaning of the Social Security Act in ordered to be entitled to benefits. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On August 29, 2012, the ALJ found that Plaintiff was not "disabled" any time between May 14, 2010, and the date of her decision. (Tr. 14-22). The Act provides a five-step sequential evaluation process ("SEP") for determining whether a person is disabled. 20 C.F.R. § 404.1520. If an individual is determined to be disabled or not disabled at a step, a decision is made and the adjudicator does not proceed to the next step. The five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable physical or mental impairment or combination of impairments; (3) whether the claimant's impairment or combination of impairments meets or equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1, and meets the duration requirement; (4) whether the claimant has the residual function capacity ("RFC") to perform the requirements of his past relevant work; and (5) whether the claimant is able to do any other work, considering his RFC, age, education and work experience. 20 C.F.R. § 404.1520(a)(4)(i-v).

In this case, the ALJ determined that Plaintiff was not disabled under the fifth step of the evaluation process. (Tr. 22). The ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a

---

[2] "Disability" is defined under the Social Security Act, 42 U.S.C. § 301, et. seq., as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

successful adjustment to other work that exists in significant numbers in the national economy." (Id.).

On appeal, Plaintiff presents two assignments of error: (1) that the ALJ failed to substantively consider the Medicaid decision of the North Carolina Department of Health and Human Services ("NCDHHS") finding Plaintiff disabled; and (2) that the ALJ's listing analysis was deficient. (Doc. No. 10 at 1). However, a review of the record establishes that the ALJ did not commit error in finding that Plaintiff was not disabled.

### A. NCDHHS Medicaid Decision

Plaintiff argues that the ALJ failed to provide sufficient articulation of her reasons for rejecting the NCDHHS Medicaid decision. (Id. at 5). While Plaintiff concedes that the Medicaid decision was not binding on the ALJ, he contends that the ALJ's conclusory dismissal of the decision was in error, since applicable law requires the ALJ to explain the consideration she is giving to other agency's decisions. (Id. at 4).

The regulations governing the Social Security Administration's ("SSA") disability determinations provide as follows:

> A decision by . . . any other government agency about whether you are disabled . . . is based on its rules and is not our decision about whether you are disabled. . . . We must make a disability . . . determination based on social security law. Therefore, a determination made by another agency . . . that you are disabled . . . is not binding on us.

20 C.F.R. § 416.904. However, another governmental agency's decision that a claimant is disabled is "evidence" that must be considered by the SSA. See Baughman v. Colvin, 20014 WL 3345030, at *7 (E.D. N.C. Jul. 8, 2014) (citing 20 C.F.R. § 412.912(b)(5), SSR 06-03p, 2006 WL 2329939, at *6-7 (Aug. 9, 2006)). SSR 06-03p requires the ALJ to "explain the consideration given" to these other decisions. SSR 06-03p, 2006 WL

2329939, at *7 (emphasis added). Recent case law states that the requisite "explanation" be more than a conclusory dismissal or cursory statement of the state decisions' non-binding character. See Braughman, 2014 WL 3345030, at *7; Bridgeman v. Astrue, 2008 WL 1803619, at *10 (E.D.N.C. Apr. 21, 2008)). In both of these cases, the district judges remanded the case after the ALJ acknowledged the plaintiffs' eligibility for Medicaid but failed to explain – other than stating the determination was not binding – why the decision was given no weight.

>In this case, the relevant portion of the ALJ's decision states as follows:

>I note that pursuant to SSR 06-3p, I considered the evidence of the claimant's Medical Assistance from State of North Carolina (13E). However, as 20 CFR 404.1504 and 416.904 provide, decisions by other agencies are not made under Social Security rules and regulations and are thus not binding on the Social Security Administration.

>As for the opinion evidence, I agree with State agency assessment except to the extent claimant was limited to work at the medium exertional level. Because the State agency limited claimant to occasional stooping and crouching, a limitation to light exertional work is more appropriate. (SSR 85-15).

(Tr. at 20). Thus, it appears from the record that the ALJ did more than summarily dismiss the state agency's decision. In fact, the ALJ found the determination that Plaintiff could work at the "medium exertional level" to be over inclusive. The ALJ was not bound by the ultimate determination by the state agency that Plaintiff was disabled, since substantial evidence exists that Plaintiff could make a successful adjustment to other work that exists in significant numbers in the national economy. (Tr. at 22). Therefore, the ALJ did not err in her consideration of the Medicaid determination.

### B. ALJ's Listing Analysis

In his next assignment of error, Plaintiff contends that the ALJ erred at Step 3 of her analysis by not specifically comparing the facts of Plaintiff's medical records to the criteria of Listing 1.04(A). (Doc. 10 at 6). Plaintiff argues that the ALJ should have found Plaintiff was disabled as a matter of the regulations instead of summarily concluding that he did not meet the requirements contained in the Listing of Impairments. (Id. at 9). Defendant contends that the records contains sufficient evidence to support the ALJ's conclusion that Plaintiff did not meeting the listing.

The relevant listing is Listing 1.04: Disorders of the Spine. The requirements of Part (A) are in the conjunctive, making it necessary for Plaintiff to meet all of the criteria Hays v. Sullivan, 907 F.2d 1453, 1456-58 (4th Cir. 1990). Listing 1.04(A) requires the plaintiff to have a

> disorder[] of the spine . . . resulting in a compromise of a nerve root . . . or spinal cord with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss . . . accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test.

20 C.F.R. § 404, Subpart P, App. 1, Listing 1.04(A). Plaintiff met his burden of showing evidence as to all of the requirements in the Listing except for the requirement of "nerve root compression." The ALJ found that Plaintiff had no reported nerve root compression or spondylolisthesis (which can cause nerve root compression). (Tr. at 17). The government cites one example of a negative finding for spondylolisthesis in the record – the report of Dr. James Hoski of the Carolina Spine & Neurosurgery Center on May 25 2011. (Tr. at 419 ("There is no spondylolisthesis")). In its motion, Plaintiff has not pointed to evidence that he suffers from nerve compression, stating only that he has nerve compromise. (Doc. No. 10 at 7). Therefore, the Court finds that the ALJ's Listing

Analysis was supported by substantial evidence as no evidence existed as to Plaintiff's alleged nerve compression.

## IV. CONCLUSION

For the reasons stated above, the Court finds that the final decision of the ALJ conforms with applicable law and is supported by substantial evidence. **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**, Defendant's Motion for Summary Judgment is **GRANTED**, and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: October 9, 2014

Frank D. Whitney
Chief United States District Judge